IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DAVID COCHRAN ORT | § | CASE NO: 05-10291 |
|     Debtor. | § | |
| | § | CHAPTER 7 |
| | § | |
| NEW JERSEY LAWYER'S FUND FOR | § | |
| CLIENT PROTECTION | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-1007 |
| | § | |
| DAVID C ORT | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

For the reasons stated below, the Plaintiff's motion for summary judgment [docket no. 25] is granted.

## Background

The New Jersey Lawyers' Fund for Client Protection (the "Fund" or "Plaintiff") is a Committee of the Supreme Court of New Jersey. The Fund is established under Rule 1:28 *et seq.* of the Rules Governing the Courts of New Jersey for the purpose of reimbursing clients for losses caused by the dishonest conduct of attorneys who have been admitted to the New Jersey Bar. David Ort (the "Defendant" or "Debtor") was admitted to the Bar of the State of New Jersey in 1970. On September 21, 1993, Defendant was temporarily suspended from the practice of law. Defendant was subsequently disbarred by order of the Supreme Court of New Jersey on October 8, 1993.

On or around October 5, 1989, Defendant was hired by Sophie Sawulak, the Adminstratrix of the Estate of Peter Sawulak, to handle the administration of her husband's

estate. On October 5, 1989, Ms. Sawulak granted Defendant a power of attorney. Defendant issued himself checks from the Estate's accounts. On October 15, 1993, Ms. Sawulak, individually and as Adminstratix of the Estate of Peter Sawulak, obtained a judgment in the amount of $46,808.96 in the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-228-91. The judgment was subsequently amended on November 1, 1993, to award Ms. Sawulak judgment in the amount of $66,873.10. In October 1994, the Fund determined that Defendant committed dishonest conduct in his representation of Ms. Sawulak and paid Ms. Sawulak $33,918.98. In June 1997, Ms. Sawulak granted the Fund a partial assignment of the state judgment in the amount of $33,918.98.

In November 1991, Defendant became the Executor of the Estate of Frank C. Heemaneth. The Defendant issued checks to himself and his corporation. On July 1, 1992, judgment was entered in the Superior Court of New Jersey, Chancery Division, Probate Part, Warren County, Docket No.: P-91-506D in favor of the Estate of Frank C. Heemaneth against the Defendant in the amount of $185,256.79 together with interest from October 1, 1993 in the sum of $5,532.95. On July 26, 1994, the judgment was docketed as a lien. On August 5, 1994, the Fund received a written assignment from the Executrix of the Estate of Frank Heemaneth and granted an award of $173,049.83 to the Estate.

On February 15, 1996, Defendant entered a guilty plea with respect to Indictment # 94-02-0056-I for Defendant's theft of his clients' funds. Subsequently, on April 12, 1996, the Superior Court of New Jersey, Law Division, Criminal Part, Warren County entered a Judgment of Conviction and ordered Defendant to pay restitution of $145,322.64. to the Fund.

On March 10, 2005, Debtor filed a petition under chapter 7 of the Bankruptcy Code. Plaintiff commenced this adversary proceeding on June 16, 2005. Plaintiff seeks a determination

that the debts owed it are nondischargeable pursuant to § 523(a)(2), (4) and (7).  Although no answer was filed, Debtor appeared at the Rule 7016 conference and objected to the requested relief.  On September 5, 2006, Plaintiff filed a motion for summary judgment.  No response was filed by Defendant.  On October 24, 2006, the Court held a hearing on Plaintiff's motion.  The Defendant did not appear at the hearing.[1]  The Court granted the motion for the reasons set forth below.

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact.  *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005).  Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.  At all times, a court views the facts in the light most favorable to the non-moving party.  *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006).  However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis.  *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006)**.**  A court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

---

[1] On October 20, 2006, a document was filed in the main bankruptcy case (Case No. 05-10291).  The document informed the clerk that the Debtor had fallen and asked the clerk to "adjourn case and send him a letter of new date."  The letter was not signed.

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Rushing v. Kansas City S. Ry., Co.,* 185 F.3d 496, 505 (5th Cir. 1999); *Fontenot v. Upjohn, Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998). At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *See Condrey*, 431 F.3d at 197.

**Analysis**

The Fund seeks a determination that the debts owed it are each non-dischargeable pursuant to § 523(a)(2)(A) and (4). Alternatively, the Fund argues that a portion of the Heemaneth debt is non-dischargeable pursuant to § 523(a)(7) based upon the state court restitution award.

Section 523 provides that certain debts will not be discharged in bankruptcy. The exceptions to discharge are to be narrowly construed in favor of the debtor. *In re M.M. Winkler & Assoc*, 239 F.3d 746, 751 (5th Cir. 2001). The burden of proof rest on the creditor to prove its claim of nondischargeability by a preponderance of the evidence. *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).

Section 523(a)(2)(A) provides that a debt will not be discharged in bankruptcy if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent that it was obtained, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). For a debt to be determined nondischargeable under § 523(a)(2)(A), the creditor must demonstrate that: (1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance. *In re Acosta*, 406 F.3d at 372.

Section 523(a)(4) provides that a debt will not be discharged in bankruptcy if it is "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). This exception to discharge is "intended to reach those debts incurred through abuses of fiduciary positions and through active misconduct whereby a debtor has deprived

5

others of their property by criminal acts; both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's." *In re Miller*, 156 F.3d 598, 602 (5th Cir. 1998) (quoting *In re Boyle*, 819 F.2d 583, 588 (5th Cir. 1987)).

*Sawulak Debt*

Ms. Sawulak, in her capacity as the adminstratix of her husband's estate, hired the Debtor as her attorney to handle the estate's administration and granted the Debtor a power of attorney. Under § 523(a)(4), the concept of fiduciary is limited to relationships involving express or technical trusts. *In re Tran*, 151 F.3d 339, 342 (5th Cir. 1998). The court must look to state law, however, to discern whether the purported fiduciary relationship satisfies these requirements. *Id.* Under New Jersey law, the Debtor, as the estate's attorney, held the estate's funds in trust. N.J. CT. R.P.C. 1.15(a); see also *D'Amato by McPerson v. D'Amato*, 701 A.2d 970, 973 (N.J. Super. Ct. App. Div. 1997) (power of attorney executed by an individual imposes a fiduciary duty to administer the assets solely for the individual's benefit). The Plaintiff's affidavit states that the Debtor took out an unauthorized home equity loan against Ms. Sawulak's home, placed the funds into the estate checking account, and issued himself a check for $5,000 that same day. In total, the Plaintiff's evidence demonstrates that the Debtor issued himself checks from the estate's bank accounts totaling $27,000.00, and that the Debtor refused to provide Ms. Sawulak with an itemized statement of payments from the estate account. On November 1, 1993, Ms. Sawulak obtained a default judgment in the amount of $66,873.10 against the Debtor. In June 1997, Ms. Sawulak granted the Fund a partial assignment of the state judgment in the amount of $33,918.98 based upon the Fund's previous payment of this amount to Mrs. Sawulak based upon a finding of the Debtor's dishonest conduct. The Debtor did not file a response or produce any evidence to suggest a genuine issue of fact.

Defalcation is a willful neglect of duty, even if not accompanied by fraud or embezzlement. *In re Felt*, 255 F.3d 220, 226 (5th Cir. 2001) (noting that the required willful neglect is "essentially a recklessness standard").  The court uses an objective standard to determine whether a debtor willfully neglected his duty, and considers what a reasonable person in the debtor's position knew or reasonably should have known. *Id.*  Here, Debtor failed to disclose to Ms. Sawulak the fees he paid himself from the estate and took out an unauthorized loan.  Such failure to fully disclose his actions, at a minimum, demonstrates recklessness by an attorney sufficient for a finding of defalcation under § 523(a)(4).  Accordingly, the debt arises from fraud or defalcation while acting in a fiduciary capacity as the facts clearly indicate that the Debtor's conduct amounted to defalcation, if not fraud.  Because the debt is nondischargeable under § 523(a)(4), it is unnecessary to determine whether § 523(a)(2)(A) applies.

*Heemaneth Debt*

The evidence shows that the Debtor served as the executor of the estate of Frank C. Heemaneth.  The estate records demonstrate that the estate had approximately $194,000.00 in liquid bank accounts and that the Debtor issued checks to himself and his corporation until only $12.08 remained in the estate account.  On July 1, 1992, Ms. Mannuzza, the substitute Executrix of the estate, obtained a judgment against the Debtor in the amount of $185,256.79 based upon the Debtor's conduct.  The Plaintiff received an assignment of this judgment when it paid $173,049.83 on Ms. Mannuzza's claim after finding the debt arose from the dishonest conduct of the Debtor.  Again, the Debtor did not file a response or produce any evidence to suggest the existence of a genuine issue of fact.

As the executor of the estate, the Debtor held a position of trust and owed a fiduciary duty to the estate and its beneficiaries.  The evidence shows that the Debtor depleted the estate's

bank accounts and failed to account to the beneficiaries. Such actions clearly demonstrate the recklessness required for a finding of defalcation, if not fraud or theft. Accordingly, the debt is nondischargeable pursuant to § 523(a)(4).

Alternatively, Plaintiff seeks a determination that this debt is nondischargeable under § 523(a)(7). Section 523(a)(7) excepts from discharge a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit." 11 U.S.C. § 523(a)(7). The United States Supreme Court has interpreted this language to except from discharge a restitution obligation imposed as part of a state criminal sentence. *Kelly v. Robinson*, 479 U.S. 36, 53 (1986). In this case, the Superior Court of New Jersey sentenced the defendant for his theft by failure to make required disposition of property received. Part of the sentence ordered the defendant to pay restitution of $145,322.64 to the Fund. Accordingly, this portion of the debt owed the Fund is nondischargeable pursuant to § 523(a)(7). Nonetheless, this finding is moot since the $145,322.64 debt is encompassed in the $173,049.83 that the Court found above to be nondischargeable under § 523(a)(4).

## Conclusion

For the reasons set forth above, the Plaintiff's motion for summary judgment is granted. A separate judgment will be issued.

Signed at Houston, Texas, on October 30, 2006.

_____
MARVIN ISGUR
United States Bankruptcy Judge